IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARTHUR BEN-CAREW, | * | |
| Petitioner | | |
| | * | |
| v. | | CIVIL NO. L-05-2047 |
| | * | |
| WARDEN, | | |
| Respondent. | * | |

******

## MEMORANDUM

Pending is Arthur Ben-Carew's emergency motion for stay of removal, (Docket No. 16), emergency motion for other relief, (Docket No. 15), and petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Docket No. 1.) For the following reasons, by separate order, the Court will deny Ben-Carew's emergency motion for stay of removal, emergency motion for other relief, and section 2254 petition.

**I.      Factual Background**

Ben-Carew is a native and citizen of Sierra Leone. He was admitted to the United States as a lawful permanent resident on February 5, 2001. On July 20, 2001, he pled guilty to a theft charge in Maryland state court. On the same day, the judge sentenced him to 18 months imprisonment, with all 18 months suspended, and three years of probation. Ben-Carew did not file an appeal.

Because of his conviction, Ben-Carew was ordered deported. On March 10, 2005, the Department of Homeland Security took Ben-Carew into custody pending deportation. In June 2005, Ben-Carew filed a petition for coram nobis with the District Court of Maryland for Montgomery County, which was denied on July 7, 2005. On October 28, 2005, the Board of Immigration Appeals dismissed Petitioner's appeal of the Immigration Judge's deportation order.

**II.     Procedural Background**

On July 20, 2005, Ben-Carew filed a pro se letter with this Court, which was construed as a 28 U.S.C. § 2254 habeas corpus petition. On September 9th, Ben-Carew, pursuant to an order of this Court, supplemented the petition. (Docket No. 3.) On October 17th, the Respondent filed an answer solely addressing the timeliness of Ben-Carew's petition.[1] (Docket No. 5.) On November 7th, the Court granted Ben-Carew an opportunity to reply as to whether his petition was timely filed or explaining why the petition should not be dismissed as untimely. (Docket Nos. 6 and 9.) On December 2nd and January 13th, the Court received Ben-Carew's replies. (Docket Nos. 8 and 12.)

On December 19th, Ben-Carew filed an "Application for Writ of Audita Querela" and a motion for emergency stay of removal. (Civil No. 05-3379, Docket Nos. 1 and 2.) On December 23rd, the Court denied Ben-Carew's emergency motion for stay of removal.[2] (Civil No. 05-3379, Docket No. 7.)

On January 24, 2006, Laura Rhodes entered her appearance on behalf of Ben-Carew. (Docket No. 13.) Ms. Rhodes filed, on Ben-Carew's behalf, an emergency motion for other relief and an emergency motion to stay removal. [Docket Nos. 15 and 16].

For the following reasons, the Court will deny Ben-Carew's emergency motion for stay of removal, emergency motion for other relief, and section 2254 petition.

---

[1]     Ben-Carew has been provided copies of all exhibits attached to the answer. [Docket Nos. 10 and 11].

[2]     Ben-Carew's "Application for Writ of Audita Querela" will be dismissed by separate order.

**III.    Emergency Motion to Stay Removal**

To obtain injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, Ben-Carew must demonstrate: (i) the likelihood that he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that respondents will not be harmed if the requested relief is granted; (iii) the likelihood that he will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted. See Blackwelder Furniture Co. v. Selig Mfg. Co., 550 F.2d 189, 195-96 (4th Cir. 1977); see also Yakus v. United States, 321 U.S. 414 (1944).

The Court rejects Ben-Carew's motion for an emergency stay of removal for two reasons. First, Ben-Carew has failed to demonstrate the likelihood of success on the merits. As discussed below, Ben-Carew's habeas petition is untimely. Moreover, Ben-Carew claims that he was unaware that entering a guilty plea in state court would have adverse consequences on his immigration status. He alleges, therefore, that his guilty plea was neither voluntary nor knowing. The Fourth Circuit Court of Appeals has held that trial counsel's failure to advise an alien defendant of a collateral consequence of a guilty plea (deportation) does not amount to ineffective assistance of counsel, does not render the guilty plea involuntary, and does not mean that defendant was convicted absent due process. See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988).

Second, Ben-Carew cannot show that immediate and irreparable injury, loss, or damage would likely result absent a stay. While it is true that Petitioner may be removed from the United States in the near future, there is nothing that would prevent him from continuing his efforts to vacate his state court conviction from abroad. Assuming Ben-Carew succeeded in vacating his state court conviction, he could then apply for re-admission to the United States.

3

**IV.     Emergency Motion for Other Relief**

Ben-Carew's Emergency Motion for Other Relief must also be denied. The motion argues that Ben-Carew's state court conviction should be set aside.  Accordingly, the Emergency Motion for Other Relief is construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  For the reasons that follow, Ben-Carew's habeas petitions shall be denied as untimely.

**V.      Section 2254 Habeas Petition**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one year statute of limitations for filing habeas petitions in non-capital cases.  28 U.S.C. § 2244(d).[3]  This

---

[3]    This section provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

one year limitations period is tolled while properly filed post conviction proceedings are pending. 28 U.S.C. §2244(d)(2). Ben-Carew's convictions became final on August 20, 2001 (30 days after sentencing) because Ben-Carew did not note an appeal. See 28 U.S.C. § 2244(d)(1)(A); Md. Rule 8-202. The statute of limitations is tolled for one month because Ben-Carew filed a petition for coram noblis in June 2005, which the District Court of Maryland for Montgomery County dismissed on July 7, 2005. The instant petition was filed nearly four years after the conclusion of his state court proceedings. Accordingly, even accounting for the one month while the petition for coram noblis was pending, Ben-Carew's section 2254 petition is untimely.

Ben-Carew argues that the one year statute of limitations should be equitably tolled. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Ben-Carew states that he was unaware that his conviction could lead to his deportation. As this misunderstanding is the grounds for his habeas petition, Ben-Carew argues that the statute of limitations should not begin to run until he became aware that he would be deported (Ben-Carew was detained March 10, 2005).

Whether equitable tolling applies hinges on the facts and circumstances of each case. See Harris, 209 F.3d at 330. The doctrine of equitable tolling has been applied in two situations: where the defendant's acts prevent the plaintiff from timely filing a habeas petition and where extraordinary circumstances, beyond the plaintiff's control, prevent filing a timely claim. Id. (quoting Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996)).

---

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

5

The delay in filing this petition was caused solely by Ben-Carew and not by any factor outside of his control. The Fourth Circuit has clearly stated that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003)); see Fisher v. Johnson, 174 F.3d 710, 714-15 (5th Cir.1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."). In sum, Ben-Carew has failed to show that "circumstances beyond his control" prevented him from filing a timely petition.

**VI.   Conclusion**

Accordingly, a separate Order will be entered denying Ben-Carew's emergency motion for stay of removal, emergency motion for other relief, and section 2254 petition.


January 25, 2006                                 _____/s/_____
   Date                                          Benson Everett Legg
                                                 Chief Judge